## THE PEOPLE *vs.* EDWARD M. DERBY.

A recognizance, conditioned for the appearance of M at the next court of sessions, to be held at the court house in the city of H, to be tried by a jury on two indictments for forgery, is to be construed as requiring the appearance of M at the next court of sessions to be held in the city of H, and not at the next court of sessions to be there held at which a jury shall be summoned. And where such a recognizance was taken in January 1851, and, at a court of sessions, held in June following, M was defaulted and his recognizance declared forfeited and ordered to be prosecuted, and in an action on the recognizance, it appeared that a regular term of the court of sessions had been held at that place in March of the same year, though no jury had been summoned to attend at such March term, it was held, that no breach of the condition of the recognizance had been shown, and judgment was given for the defendant.

This was an action upon a recognizance, tried before PARKER, Justice, at the Columbia Circuit, in April, 1853.

The complaint was as follows:

*Supreme Court, Columbia County.* — *The People of the State of New York* agt. *Edward M. Derby.* — The plaintiffs complain of the defendant and show to this court, that on the tenth

day of January, A. D. 1851, at the city of Hudson, in the county aforesaid, personally came before a court of Oyer and Terminer then being held in and for the county of Columbia, one Michael P. Mandigo and the said defendant, and acknowledged themselves indebted to the people of the State of New York, the said Mandigo as principal in the sum of one thousand dollars, and the said defendant as surety in the sum of one thousand dollars, by a recognizance in writing signed by them, with a condition therein contained, that if the said Michael P. Mandigo should be and appear at the then next Court of Sessions, to be holden at the Court House, in the City of Hudson, to be tried by a jury, on two indictments for forgery in the second and third degrees, and not depart the court without leave, then the said recognizance to be void or else to be and remain in full force and effect, as by the said recognizance and the said condition, now remaining in the office of the clerk of the county of Columbia, at the city of Hudson aforesaid, reference being thereunto had, will more fully and at large appear. And the said plaintiffs aver, that the next court of sessions at which a jury was summoned and attended, to be holden next after the signing of said recognizance, in and for the county of Columbia, was held at the Court House in the city of Hudson, in and for the county of Columbia, on the third day of June, in the year of our Lord, one thousand eight hundred and fifty one, before John T. Hoge-boom, county judge of the said county of Columbia, and Wesley R. Gallup and Jacob Barringer, two of the justices of the peace in said county, duly designated according to the statute in such case made and provided to hold courts of sessions in said county, and that the said last mentioned court commenced its session on the said last mentioned day, and that, at the said last mentioned court, held on the day and at the place last mentioned, the said indictments were then pending undetermined therein, and the said recognizance in full force and effect. That the said Michael P. Mandigo being then and there called in open court, during the sitting of the said court, did not appear in said court and abide the order of the said

court in the premises, but therein wholly failed and made default: whereupon an order was entered by the said court forfeiting the said recognizance and directing the same to be prosecuted according to law, as by the record and proceedings of the said court, reference being thereto had, will more fully and at large appear. Whereby the said recognizance became forfeited, and an action hath accrued to the said plaintiffs to demand and have of and from the said defendant, the said sum of one thousand dollars above mentioned, wherefore the plaintiffs demand judgment in this action for one thousand dollars, besides costs of this action.

J. C. NEWKIRK, *District
Attorney of Columbia County, plaintiff's attorney.*

The defendant, in his answer put in by M. SANFORD, his attorney, denied each and every allegation contained in the complaint, and alleged that the said Michael P. Mandigo appeared at the said court of sessions, according to the condition of the said recognizance, and that the said condition was complied with in all respects.

On the trial, the counsel for the plaintiffs produced in evidence and read from the minutes of the court of Oyer and Terminer, held in and for the county of Columbia, on the tenth day January 1851, a recognizance in the words and figures following:

" *The People* v. *Michael P. Mandigo.* — January 10, 1851. Michael P. Mandigo as principal and Edward M. Derby as surety, acknowledge themselves indebted to the people of the state of New York: the said Mandigo in the sum of one thousand dollars, and the said Edward M. Derby as surety, in the like sum of one thousand dollars, to be levied of their and each of their respective goods and chattels, lands and tenements, to the use of the said people if default shall be made in the condition following: The condition of this recognizance is such, that if the said Michael P. Mandigo shall be and appear at the next court of sessions to be held at the court house in the

city of Hudson, to be tried by a jury on two indictments for forgery in the second and third degrees, and not depart the court without leave, then this recognizance to be void or else to be and remain in full force and effect.

Michael P. Mandigo.

Edward M. Derby.

The counsel for the plaintiffs further proved, that on the said 10th day of January, 1851, orders were made by the said court of Oyer and Terminer and entered in the minutes sending each of the said indictments against Mandigo, for forgery, " *to the next court of sessions for trial.*"

The plaintiff's counsel then proved by the minutes of the court of sessions of said county, held in June, 1851, that an order was made and entered by that court as follows:

" *The People* v. *Michael Mandigo.* — June 3, 1851. Default entered. Recognizances forfeited and ordered prosecuted. Michael P. Mandigo, principal; Edward M. Derby, surety."

*John R. Currie* was then called as a witness for the plaintiffs, and testified that he was clerk of Columbia county in 1851, and till January, 1853; that he acted as clerk of the Oyer and Terminer in January, 1851; that the recognizance in question was taken by him in open court, and signed by Mandigo and Derby in his presence.

On his cross-examination, he testified that there was a court of sessions held in Columbia county in March, 1851; that no jury was drawn for attendance at such term; that the recognizance in question was not forfeited at said March term; that the June term, 1851, was the first term of the sessions at which a jury was summoned or attended; and that it appeared from the minutes of the court of sessions, that, at the said March term, there was no rule or order made or entered sending the said indictments to the June term, or continuing the said recognizance to the said June term.

*M. Sanford,* for the defendant.

*J. C. Newkirk* (Dist. Att'y), for the people.

PARKER, J., after hearing counsel, expressed the opinion, that the proper construction of the recognizance was, that Mandigo should appear at the next court of sessions to be held in the city of Hudson, and not at the next court of sessions at which a jury should be summoned; that Mandigo was bound, therefore, by the recognizance, to appear at the March term, and not at the June term; that though the indictments had been sent to the March term for trial, no proceedings upon them had been had at that term, nor had any step been taken to continue the recognizance till the June term, and that therefore the default taken at the June term was irregular, and no evidence of a breach of the condition of the recognizance. Whereupon the jury, under the direction of the court, rendered a verdict in favor of the defendant.

Judgment for defendant.

---

SUPREME COURT. At Chambers, August, 1853. Before *Wright*, Justice.